# United States District Court
## WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**
v.
**DONNELL DESHAWN McCLAIN**

**ORDER OF DETENTION PENDING REVOCATION HEARING**

Case Number: **1:02-CR-98**

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending revocation hearing in this case.

### Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

☐ a crime of violence as defined in 18 U.S.C. §3156(a)(4).

☐ an offense for which the maximum sentence is life imprisonment or death.

☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____

☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. §3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense

☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____

☐ under 18 U.S.C. §924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is currently on supervised release following a prison term for being a felon in possession of a firearm. While on release he has twice been stopped for driving on a suspended license. He has pled guilty to one of these charges and served 9 days in jail. The other charge is pending.

During the most recent stop (June 3, 2007), he had a blood alcohol content (continued on attachment)

### Part II - Written Statement of Reasons for Detention

Defendant has failed to show by clear and convincing evidence that he is not a danger to the community from drug trafficking, in light of the evidence that he was found to be driving unlawfully in a car full of drug paraphernalia, including a digital scale with what appears to be cocaine residue, and money for which he has no explanation. Thus, it certainly appears probable the defendant has been dealing in cocaine while on supervised release to this court.

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: June 25, 2007

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*
Hugh W. Brenneman, Jr., United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 et seq.); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 et seq.); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

United States v. Donnell Deshawn McClain
1:02-CR-98
**ORDER OF DETENTION PENDING REVOCATION HEARING**
Page 2.

**Alternate Findings (B) - (continued)**

    of .035 and police smelled alcohol on his breath. He is prohibited from any use of alcohol. Also found in his car were baggies, $2,261.00 in cash, a digital scale with what appeared to be cocaine residue on it, and two cell phones. (The digital scale has been submitted to a drug lab for analysis.) Defendant took responsibility for all of these items. When asked by the police at the time of the arrest where the money came from, the defendant replied, "You know what the money is from." The police speculated it was drug money. Defendant has not been released from custody long enough to earn this amount of money based on the job he may have had. He has also denied to his probation officer that he has any cell phones.

    Defendant has also failed to tell his probation officer he has been driving a car, that he was arrested on June 3, 2007, and he has also missed two urine drops.